# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 19-1604-JFW(Ex)** | Date: April 5, 2019 |

Title: Omayra A. Garcia -v- Randstad General Partner, US, LLC, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER STRIKING MARLEEN BARNES'S MOTION TO DISMISS AND RANDSTAD GENERAL PARTNER (US), LLC'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND [filed 4/3/2019; Docket No. 18];

ORDER STRIKING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [filed 4/3/2019; Docket No. 19]

On April 3, 2019, Defendant Marleen Barnes filed a Motion to Dismiss and Defendant Randstad General Parnter (US), LLC filed a Motion to Strike Plaintiff's Jury Demand. On April 3, 2019, Plaintiff Omayra A. Garcia ("Plaintiff") filed a Motion to Remand Action to State Court.

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." Local Rule 7-3. Generally, this conference of counsel "shall take place at least seven (7) days prior to the filing of the motion." *Id*. "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'" *Id.*

In addition, the Court's Standing Order further provides:

Counsel should discuss the issues with sufficient detail so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. . . . All 7-3 conferences shall take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters

and e-mail, for example, do not constitute a proper 7-3 conference). . . . Within three days of the conference, counsel shall file a joint statement indicating the date, duration, and communication method of the conference and the participants in the conference.  In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining  *Failure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or the denial of the motion*.

Standing Order [Docket No. 14] at ¶ 5(b) (emphasis added).

In this case, Plaintiff failed to comply with Local Rule 7-3 and paragraph 5(b) of the Court's Standing Order, and Defendants failed to comply with paragraph 5(b) of the Court's Standing Order.  This Court maintains a firm policy of reducing unnecessary motion practice and requires strict compliance with Local Rule 7-3 and paragraph 5(b) of the Court's Standing Order.  Accordingly, Defendant Marleen Barnes's Motion to Dismiss, Defendant Randstad General Parnter (US), LLC's Motion to Strike Plaintiff's Jury Demand, and Plaintiff's Motion to Remand Action to State Court are **STRICKEN**.

If the parties wish to re-file their respective motions, counsel shall meet and confer *in person* by **April 16, 2019**.  If the parties cannot resolve the issues raised in their respective motions, within 3 days of the meet and confer, each party shall file a declaration setting forth the issues resolved at the conference and those issues that were not resolved with a detailed explanation of why those issues could not be resolved.  If a motion remains necessary, it shall not be filed until 2 days after each party files the declaration required by this Order.

IT IS SO ORDERED.