CIVIL MINUTES -- GENERAL

Case No.   **CV 19-1604-JFW(Ex)**                                Date:  May 2, 2019

Title:   Omayra A. Garcia -v- Randstad General Partner, US, LLC, et al.

---

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                    None Present
   Courtroom Deputy                                Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                        None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [filed 4/12/2019; Docket No. 32];**

**ORDER DENYING WITHOUT PREJUDICE MARLEEN BARNES'S MOTION TO DISMISS AND RANDSTAD GENERAL PARTNER (US) LLC'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND [filed 4/12/2019; Docket No. 31]**

On April 12, 2019, Plaintiff Omayra A. Garcia ("Plaintiff") filed a Motion to Remand Action to State Court. On April 22, 2019, Defendant Randstad General Partner (US), LLC ("Randstad") filed its Opposition. On April 29, 2019, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 13, 2019 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL HISTORY**

On January 31, 2019, Plaintiff filed a Complaint in Los Angeles County Superior Court against Defendants Randstad, Marleen Barnes, and Does 1 through 50, alleging the following state law claims for relief: (1) disability discrimination in violation of Cal. Gov. Code § 12940, *et seq.*; (2) failure to provide reasonable accommodations in violation of Cal. Gov. Code § 12940, *et seq.*; (3) failure to engage in good faith interactive process in violation of Cal. Gov. Code § 12940, *et seq.*; (4) retaliation in violation of Cal. Gov. Code § 12940, *et seq.*; (5) retaliation in violation of Cal. Labor Code § 6310; (6) retaliation in violation of Cal. Labor Code § 1102.5; and (7) wrongful

termination in violation of public policy. The only claim asserted against Marleen Barnes in Plaintiff's original Complaint was the claim for retaliation in violation of Cal. Labor Code § 6310. Plaintiff, however, had erroneously asserted her sixth claim for relief for retaliation under California Labor Code § 1102.5 against "City of Glendale Only."

On March 5, 2019, Randstad filed a Notice of Removal, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and that Defendant Marleen Barnes was fraudulently joined. On March 22, 2019, Plaintiff filed a First Amended Complaint, alleging the same seven claims for relief, but now asserting the sixth claim for relief for retaliation under California Labor Code § 1102.5 against Defendants Randstad and Marleen Barnes.

Plaintiff now moves to remand on the grounds that Marleen Barnes was not fraudulently joined.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III. DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Randstad has not met its burden of demonstrating that the parties are completely diverse, this action must be remanded.

Although both Plaintiff and Defendant Marleen Barnes are citizens of California, Randstad contends that Barnes has been fraudulently joined, and, thus, her presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that

plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court concludes that Randstad has failed to demonstrate, under the settled case law of California, that there is no possibility that Plaintiff can state a claim for retaliation under California Labor Code § 1102.5 against her supervisor, Marleen Barnes. *See Jackson v. Dollar Tree Distribution, Inc.*, 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018) ("[O]ther courts have determined that there is at the very least ambiguity as to whether § 1102.5 permits individual liability—an uncertainty that ought to be resolved in favor of Plaintiff."); *Lewis v. Wells Fargo Bank, N.A.*, 2016 WL 7107760, at *2 (C.D. Cal. Dec. 5, 2016) (finding that, "[b]ecause any ambiguity in state law must be interpreted in favor of the non-removing party," "Defendant has not satisfied its burden to prove that there is no possibility of Plaintiff's success in his section 1102.5 claim against [his supervisor]."*); Khan v. Infor (US) Inc.*, 2016 WL 3751615, at *4 (C.D. Cal. July 13, 2016) (finding that "the entire issue of individual liability under § 1102.5 is currently unsettled because that section was amended in 2013 to expand liability from an employer to include any person acting on behalf of the employer"); *O'Neill v. Grupo Radio Centro LA, LLC*, 2015 WL 6453073, at *3 (C.D. Cal. Oct. 21, 2015) (finding that defendants have not met their burden of showing fraudulent joinder because, "[e]ven if the amended statute in question ultimately does not provide for individual liability, no California Court has currently addressed this issue."); *De La Torre v. Progress Rail Servs. Corp.*, 2015 WL 4607730, at *4 (C.D. Cal. July 31, 2015) (finding California Labor Code § 1102.5 ambiguous on the issue of individual liability, and thus finding that defendants failed to demonstrate fraudulent joinder).

In addition, contrary to Randstad's frivolous argument, the Court concludes that Plaintiff has not "waived" her right to remand by filing a First Amended Complaint. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand Action to State Court is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court. Plaintiff's request for an award of attorneys' fees and costs is **DENIED**.

Marleen Barnes's Motion to Dismiss and Randstad General Partner (US) LLC's Motion to Strike Plaintiff's Jury Demand is **DENIED without prejudice**. The hearing calendared for May 13, 2019 is **VACATED**.

IT IS SO ORDERED.